# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :        No. 25-cv-1514
STANLEY ARISTILDE                         :

## MEMORANDUM

Joseph F. Leeson, Jr.                                        May 13, 2025
United States District Judge

      Currently before the Court are a Motion to Proceed *In Forma Pauperis* and a Complaint[1]

filed by Plaintiff Stanley Aristilde.  For the following reasons, the Court will grant Aristilde

leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS

      Aristilde filed his Complaint using a form for filing a "private criminal complaint" in

state court.  (ECF No. 13.)  He names a Jane Doe Defendant, who appears to be a neighbor living

in an adjacent apartment.  (*Id.* at 1.)  The factual basis for Aristilde's claims is not fully clear.  As

best as the Court can discern, Aristilde is claiming that he was arrested on May 9, 2024 as a

result of "[s]ocial engineering" designed to harm him in connection with "a long term

operation."  (*Id.*)  The operation is alleged to involve collaboration between "[a]cting land lords"

---

[1] Aristilde initiated this civil action by filing a collection of papers including Nazareth Borough Police Department and Wilson Borough Police Department citizen complaint forms.  (ECF No. 1.)  Following orders directing him to file a proper complaint and an adequate *in forma pauperis* motion (if he was unable to pay the filing fees), (*see* ECF Nos. 3 & 8), Aristilde returned with his pending submissions.  The current Complaint is the governing pleading in this case that dictates the contours of Aristilde's claims.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[T]he most recently filed amended complaint becomes the operative pleading."); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

and "High Contracting Parties"—including his neighbor whom he alleges is an agent of these parties—seeking to "sabotage" his life in various respects.  (*Id.* at 1-2.)

Aristilde alleges that these individuals and entities have taken "[t]otal control of devices owned by [him]" and are able to listen to "every conversation" he has and control his life "via the World Wide Web."  (*Id.* at 2; *see also id.* at 3 (discussing a "MOB of corporate gangsters" whom Aristilde appears to claim are acting in cahoots with his landlord to "commit torts" against him).)  In connection with these efforts, Aristilde has allegedly been denied credit, has lost job opportunities, and has experienced "social abuse via [a] vast network of disgruntled state actors," among other things.  (*Id.* at 2.)  The arrest and seizure of his car were also allegedly results of this conspiracy against him.  (*Id.*)  Additionally, Aristilde claims that he has been unable to form "any new healthy relationships over a 10 year span" due to this invasion of his privacy.  (*Id.* at 4; *see also id.* at 5 (claiming an inability to form "any health relationship with women").)  It is not clear what relief Aristilde seeks from this Court.[2]

## II.    STANDARD OF REVIEW

The Court grants Aristilde leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in

---

[2] To the extent Aristilde sought to initiate a criminal investigation or the filing of criminal charges against Doe or anyone else, such relief is not available to him.  *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court liberally construes plaintiff's allegations, accepts those allegations as true, and asks whether those liberally construed allegations, along with the inferences they support, state plausible legal claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the

actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.  DISCUSSION

To the extent the Court can understand Aristilde's allegations, they lack a basis in fact and law and also fail to state a plausible claim within the Court's jurisdiction. The manner in which Aristilde has presented his allegations makes the substance of his claims difficult to discern and, at times, runs afoul of Rule 8. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). In any event, to the extent he claims that the Defendants are interfering with his technological devices to control his life, cause him financial harm, and prevent him from connecting with women, these claims lack a factual basis and must be dismissed as frivolous. *See, e.g.*, *Smith v. Northern Cambria Police*,, No. 25-1273, 2025 WL 1324070, at *1 (3d Cir. May 7, 2025) (*per curiam*) (affirming dismissal on frivolity grounds of claims based on allegations that "law enforcement officers are placing implants in [plaintiff's] body to monitor and harass him"); *Dominique v. Watchtower Bible & Tract Soc'y*, No. 24-3089, 2025 WL 636152, at *1 (3d Cir. Feb. 27, 2025) (*per curiam*) (affirming dismissal on frivolity grounds of claims alleging that defendants "engaged in campaigns of harassment and defamation against [plaintiff]. For example, the complaint alleges that Comcast targeted [her] massively in commercials, movies, books, podcast,

and all other media in an effort to persuade others to believe that [she is] Satan." (cleaned up));

*West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*) ("After carefully

reviewing West's lengthy complaint and his voluminous attachments, we agree with the District

Court that dismissal was proper, as West seeks relief based on his contention that he has suffered

a 'covert civil death' over the course of decades due to the alleged actions of countless

individuals across the world."); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017)

(*per curiam*) (agreeing with district court's frivolity determination "[g]iven [plaintiff's] efforts to

connect his allegations about actions and events over approximately 20 years into a vast

conspiracy against him, as well as the outlandish nature of some of his claims (such as the

planting of devices on his body and the defendants' revenge for his refusal to participate in the

cover-up of the circumstances surrounding the death of an FBI agent's wife)").  Nor has Aristilde

alleged any other basis for a plausible claim within the Court's jurisdiction.  *See* 28 U.S.C. §

1332.  Considering the nature of Aristilde's allegations and the record for this case, the Court

will dismiss this case with prejudice because amendment would be futile.

A final order follows, which shall be docketed separately in accordance with Federal

Rule of Civil Procedure 58(a).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**